UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

|                                  |   |
|---|---|
| CHUN-YU ZHAO,                    | ) |
|                                  | ) |
|     Plaintiff, | ) |
|                                  | ) Civil Action No. 11-0624 (EGS) |
|     v.       | ) |
|                                  | ) |
| ERIC HOLDER, JR. et al.,         | ) |
|                                  | ) |
|     Defendants. | ) |
|                                  | ) |

## MEMORANDUM OPINION

This case is before the Court on defendants' Motion to Dismiss the Amended Complaint. Upon consideration of the motion, the response and reply thereto, the entire record, and for the reasons explained below, defendants' motion is **GRANTED.**

### I. BACKGROUND

Plaintiff is a naturalized United States citizen who previously operated a computer and networking equipment business in Virginia called JDC Networking. Am. Compl. ¶ 2. Defendant Eric Holder, Jr. ("Holder") is the United States Attorney General. *Id.* ¶ 3. Defendant James Cole ("Cole") is the Deputy Attorney General. *Id.* ¶ 4. Defendant Lanny Breuer is the Assistant Attorney General for the Criminal Division. *Id.* ¶ 5.

In July 2012, U.S. Immigration and Customs Enforcement ("ICE") intercepted a package of allegedly counterfeit equipment labels addressed to "Kevin" at the address of a commercial

mailbox store where plaintiff rented a mailbox. Am. Compl. ¶ 8. Plaintiff alleges that the package did not bear a specific mailbox number. *Id.* ICE agents then took the intercepted package to the mailbox store and instructed the staff to call plaintiff to tell her that she had received a package. *Id.* Plaintiff retrieved the package on July 22, 2010. *Id.*

When plaintiff arrived at her home, ICE agents including Special Agents Misty Price ("Price") and Julie Hilario ("Hilario") entered her residence, searched her home, and began interrogating her. Am. Compl. ¶ 9. During the course of Zhao's interrogation, Agent Hilario filled out a standard customs consent-to-search form for Zhao's storage unit at EZ Storage in Chantilly, Virginia. *Id.* ¶ 10. Plaintiff states that the name Chun Zhao is printed on the form and there is a signature below the name. *Id.* Agents Price and Hilario signed the form as witnesses to the signature. *Id.*

On July 22, 2012, following the search of her residence and her storage unit, plaintiff was arrested. Am. Compl. ¶ 14. On August 24, 2010, the United States Attorney's Office for the Eastern District of Virginia filed a multiple-count indictment against Zhao for charges relating to the importation and sale of improperly declared and/or counterfeit goods. *See id.; United States v. Zhao*, No. 10-cr-317 (E.D. Va.).

On September 28, 2010, Zhao filed several motions to suppress, including a motion to suppress the property seized from her storage. Am. Compl. ¶ 15. In the motion, plaintiff argued that she did not consent to the search of the unit and that she did not understand the form because she speaks limited English.. *Id.; see United States v. Zhao*, No. 10-cr-317 (E.D. Va.), ECF No. 36. The government, in its response to plaintiff's motion, attached a copy of the signed form. Am. Compl. ¶ 15.

A hearing was held on plaintiff's motion to suppress on November 8, 2010 before the Honorable Gerald B. Lee. *See* Compl., Ex. A, ECF No. 1.[1] At the hearing, plaintiff's counsel argued that plaintiff signed the form without understanding what it meant but stated several times that plaintiff had signed it. *Id*. at 102. Notably, plaintiff's counsel did not argue that plaintiff did not sign the form or that her signature had been forged. *See id*. Agent Price testified that she personally saw Zhao sign the consent-to-search form. Am. Compl. ¶ 10. The Judge denied the motion to suppress and held that plaintiff "sufficiently understood what the documents were when she signed

---

[1] A full copy of the transcript of this hearing was attached as Exhibit A to plaintiff's initial Complaint. See ECF No. 1, Ex. A. Upon filing her Amended Complaint, plaintiff attached only a small portion of the transcript that contained none of the colloquy regarding whether plaintiff had indeed signed the form. *See* ECF No. 17, Ex. A.

3

them.  She signed them.  And it seems to me this was a consent to search her EZ Storage unit." *Id*. at 107-08.

On March 30, 2011, five months after the motion to suppress was filed, plaintiff's counsel filed a motion to dismiss the indictment alleging "extreme government misconduct." *United States v. Zhao*, No. 10-cr-317 (E.D. Va.), ECF No. 110.  In that motion, plaintiff argued that her signature had been forged and she relied upon an analysis of the signature by an independent expert, David Browne, who concluded that "there is very strong evidence that the questioned 'Chun Yu Zhao' signature in the Consent to Search form was not written by Chun Yu Zhao."

On April 20, 2011, Judge Lee denied plaintiff's motion. *United States v. Zhao*, No. 10-cr-317 (E.D. Va.), ECF No. 127. The Judge found that counsel had made several representations at the suppression hearing that his client had signed the document. *United States v. Zhao*, No. 10-cr-317 (E.D. Va.), ECF No. 164 at 79-80.  In view of those representations, the Judge declined to revisit his ruling on the motion to suppress and declined to dismiss the indictment.  *Id*.

Following a jury trial, plaintiff was found guilty of sixteen counts related to the importation, sale, and trafficking of counterfeit goods.  *United States v. Zhao*, No. 10-cr-317 (E.D. Va.), ECF No. 293.  She was sentenced on September 16, 2011 to sixty months' imprisonment.  *Id*. at 3.  The case is

4

currently on appeal.  *See United States v. Cone*, No. 11-4888 (4th Cir.).

In this action, plaintiff seeks damages pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff argues in this case that the signature on the consent to search her EZ Storage Unit was forged and that government witnesses gave false testimony regarding the form.  Am. Compl. ¶ 17.

Plaintiff states that she notified Breuer, through her counsel, of the Browne Report on March 9, 2011.  Am. Compl. ¶ 18.  Plaintiff, through counsel, also offered to make her expert available to the Department of Justice ("DOJ").  *Id*. Plaintiff does not specify any of the details of these contacts with Breuer or the DOJ and does not specify whether and how she attempted to contact Holder or Cole.  The DOJ referred the matter to the U.S. Attorney's Office that had been responsible for plaintiff's case.  *Id*.  That office, plaintiff contends, rejected the contents of the Browne report "out-of-hand."  *Id*. Plaintiff contends that Holder, Cole and Breuer violated her Fifth Amendment Due Process rights by failing to investigate plaintiff's claim of misconduct.  *Id*. ¶ 22.

Defendants have moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) through (6). Defendants argue that they have not been properly served and

5

that venue is improper under 28 U.S.C. § 1391(b). Defendants also contend that plaintiff has failed to state a claim for several reasons. First, defendants argue that they are immune to suit because they were acting in their role as public officers. Defendants also argue that plaintiff's claims are barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a plaintiff cannot pursue a civil claim where the recovery on that claim would imply the invalidity of a criminal conviction. Finally, defendants argue that plaintiff's claim is barred by res judicata and collateral estoppel because the issue was previously decided in plaintiff's criminal case.

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). While detailed factual allegations are not necessary, plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id*.

When ruling on a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must not accept plaintiff's inferences that are "unsupported by the facts set out in the complaint." Id. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff's claims against the defendants must be dismissed under Rule 12(b)(6) for failure to state a claim. All three defendants, acting in their respective official capacities, enjoy qualified immunity against "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To show that a government official is not protected by qualified immunity, a plaintiff must show (1) that defendant's conduct violated the Constitution, and (2) that the constitutional right that was violated was sufficiently

7

established such that a reasonable person would have known the conduct violated the Constitution. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Plaintiff argues that defendants are not entitled to qualified immunity in light of their "failure to simply investigate her scientifically substantiated claim of misconduct." Pl.'s Opp. to Defs.' Mot. to Dismiss, ECF No. 35, at 3. Plaintiff argues that defendants were constitutionally-obligated to provide her with a response and an investigation of her claims that her signature was forged and her property was unlawfully seized from her storage unit. *Id.* at 9.

The Court disagrees. The right to require several high-ranking officials at the Department of Justice to specifically investigate plaintiff's claims of forgery is not a right so "sufficiently established" by law that a reasonable official would have known a failure to do so violated the Constitution. *See Heckler v. Chaney*, 470 U.S. 821, 828 (1985) (an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion); *see also Sieverding v. U.S. Dep't of Justice*, 693 F. Supp. 2d 93, 110 (D.D.C. 2010) ("DOJ thus had no obligation to pursue Ms. Sieverding's allegations of criminal behavior, and she cannot state a claim for relief based on her allegations of a failure to subpoena or investigate."). Indeed,

8

several courts have found that an agency head's failure to act in the face of a plaintiff's complaint is insufficient to support a *Bivens* claim. *See Farmer v. Moritsugu*, 163 F.3d 610, 614-15 (1998) (holding that Bureau of Prisons medical director who failed to respond to specific complaints by prisoner was protected by qualified immunity); see also *Burke v. Lappin*, 821 F. Supp. 2d 244, 248 (D.D.C. 2011) (declining to allow *Bivens* claim to proceed against defendant prison officials who were alleged to have been notified personally by defendant of his complaints about the quality of kosher food in a prison).[2]

Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a plaintiff cannot pursue a civil claim where the recovery on that claim would imply the invalidity of a criminal conviction unless the plaintiff first establishes that the conviction has been overturned. The holding of *Humphreys* has been extended to apply to *Bivens* actions in this Circuit. *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996). Here, plaintiff has not established that

---

[2] Although expressly disavowed by plaintiff in her opposition to the motion to dismiss, the Court also notes that plaintiff cannot proceed in a *Bivens* action on a claim of respondeat superior. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). The complaint must allege that the defendant federal official was personally involved in the illegal conduct. Accordingly, to the extent plaintiff's complaint appears to allege a theory of respondeat superior on behalf of the violations of other federal agents and prosecutors, those allegations cannot survive a motion to dismiss. *See id.*

9

the conviction has been overturned, nor has she sought and obtained habeas relief.  Indeed, plaintiff's case is currently on appeal.

The Court finds the case of *Aleotti v. Baars* particularly instructive.  896 F. Supp. 1 (D.D.C. 1995), *aff'd,* 107 F.3d 922 (D.C. Cir. 1996).  In that case, plaintiff had been convicted of malicious destruction of property and brought a Section 1983 action against various witnesses, officers, and prosecutors involved in his criminal case.  *Id*. at 3.  Plaintiff alleged, *inter alia*, that the defendants conspired to entrap him, gave false testimony, tampered with evidence, and maliciously prosecuted him.  *Id*.  Following the reasoning of *Heck*, the court first noted that plaintiff's conviction had not been reversed, expunged, declared invalid, or called into question.  *Id*. at 4.  The court next considered whether the plaintiff's claims would "necessarily imply the invalidity" of plaintiff's conviction and sentence. *Id*.  The court found that it was clear that plaintiff's claims would necessarily imply the invalidity of the conviction, since they challenged the underlying evidence in the case against him.  *See id*.  The court also noted that all of plaintiff's claims were "predicated on facts that existed and were known at the time of or prior to Mr. Aleotti's conviction and should have been pursued at trial or on appeal . . . ."  *Id*. at 4.

As in *Aleotti*, plaintiff seeks to challenge the evidence underlying her conviction. The consent-to-search form led, at least in part, to the counterfeit products and labels used as evidence to convict the plaintiff. If the Court were to find in favor of the plaintiff, the Court would have to find that the consent-to-search form was invalid and that the underlying evidence was obtained unlawfully. Such a finding would "necessarily imply" that plaintiff's conviction was invalid. As in *Aleotti*, the Court notes that plaintiff's counsel could have argued – but did not – that plaintiff did not sign the form. Instead, counsel argued that she signed the form without understanding its significance because of her limited English skills. Even though the government had attached the consent-to-search form to its opposition to the motion to suppress, counsel did not raise the issue of a forged signature until nearly five months after the court had denied the motion to suppress. Accordingly, the Court finds that plaintiff's claims are also barred by *Heck*.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is hereby **GRANTED**. Because the Court finds that the complaint should be dismissed on the grounds stated herein, the Court need not reach the other issues raised

by defendants.  An appropriate Order accompanies this Memorandum Opinion.

    **Signed:**    **Emmet G. Sullivan**
                  **United States District Judge**
                  **September 12, 2012**